UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **10-23365-CIV-MORENO**

ANTONIO BOLANOS,

    Plaintiff,

vs.

FIRST INVESTORS SERVICING CORP.,

    Defendant.
_____/

**CLOSED CIVIL CASE**

## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION

This case involves a suit by Plaintiff Antonio Bolanos against Defendant First Investors Servicing Corp. (FISC) for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (FDCPA) and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 (FCCPA). Before this Court is Defendant's Motion to Compel Arbitration and Stay the Proceedings **(D.E. No. 3)**, filed on **September 24, 2010**. After reviewing the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, the Court hereby GRANTS the motion for the reasons stated below.

### I. Background

On March 13, 2006, Bolanos entered into a financing contract with Farragut Financial Corporation (FFC) for the purchase of a 2004 Isuzu Rodeo. As part of the purchase of the vehicle, an Arbitration Agreement was provided to Bolanos along with the financing contract. FISC has provided a copy of the original Arbitration Agreement appearing to show a date of March 13, 2006 and appearing to contain Bolanos's original signature. The Arbitration Agreement reads in pertinent

part as follows:

> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Agreement, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arise out of or relate to your credit application, purchase or condition of this vehicle, your purchase or financing contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign your purchase or financing contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.

Sometime after Bolanos's purchase of the vehicle, FFC assigned its rights, title, and interest in the subject financing contract to First Investors Financial Services, Inc. (FIFS), the parent company of Defendant FISC. Bolanos alleges that FISC's actions in collecting the subject debt violated the FDCPA and FCCPA. Specifically, Bolanos alleges that FISC continually made harassing phone calls to Bolanos's home even after Bolanos had sent FISC a cease and desist letter, and that FISC also made threatening phone calls to Bolanos's friends.

## II. Discussion

In cases where the arbitrability of claims is at issue, "[t]he party seeking to avoid arbitration must unequivocally deny that an agreement to arbitrate was reached and must offer 'some evidence' to substantiate the denial." *Wheat, First Sec., Inc. v. Green*, 993 F.2d 814, 817 (11th Cir. 1993) (internal citations omitted). Here, Bolanos's only argument against the validity of the Arbitration Agreement is that he did not sign it. This argument, however, has been rejected by the Eleventh Circuit. *See Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1368 (11th Cir. 2005) ("[W]hile the [Federal Arbitration Act] requires that the arbitration agreement be in writing, it does not require that it be signed by the parties."); *see also Linea Navira De Cabotaje, C.A. v. Mar Caribe De*

*Navegacion, C.A.*, 169 F. Supp. 2d 1341, 1346 (M.D. Fla. 2001). The Arbitration Agreement here is indisputably in writing, and nothing in the agreement indicates that it must be signed to be enforceable. Accordingly, in the absence of other arguments against the validity of the Arbitration Agreement (such as fraud, unconscionability, or lack of mutual assent), this Court is inclined to grant FISC's request to compel arbitration of Bolanos's claims.

Bolanos next argues that his claims cannot be submitted to arbitration because FISC was not a party to the Arbitration Agreement and has not shown that it was a successor in interest. This argument fails, as it is well-settled that a nonparty can enforce an arbitration agreement if the language of the agreement is broad enough to permit the nonparty to invoke it. *See Triple I: Int'l Inv., Inc. v. Fielding*, 290 F. App'x 229, 232 (11th Cir. 2008); *Blinco v. Green Tree Servicing LLC*, 400 F.3d 1308, 1312 (11th Cir. 2005); *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999). Here, the express language of the Arbitration Agreement includes claims between Bolanos and the creditors' "employees, agents, successors or assigns." Def.'s Reply Ex. A-2. In addition, the original creditor, FFC, assigned its rights, title and interest in the financing contract to FIFS, the parent company of FISC. Vasquez Aff. at 2. Thus, as the original creditor's assignee, FISC has a clear contractual right to enforce the Arbitration Agreement.

Bolanos also argues that the Arbitration Agreement, even if valid, does not apply to his FDCPA and FCCPA claims because FISC's debt collection practices did not arise out of the original financing contract between Bolanos and FFC. A claim "arises out of" a contract when it is related with at least some directness to performance of duties specified by the contract. *See Telecom Italia, SpA v. Wholesale Telecom Corp.*, 248 F.3d 1109, 1116 (11th Cir. 2001) ("[W]here the dispute occurs as a fairly direct result of the performance of contractual duties . . . then the dispute can fairly be said

to arise out of or relate to the contract in question, and arbitration is required."). Here, there is no question that Bolanos's claims relate fairly directly to performance of contractual duties. Under the original financing contract, Bolanos had a duty to pay off its note to FFC, and his claims relate to the actions of FISC, FFC's assignee, in collecting that debt. Moreover, Bolanos could not even maintain this action without reference to the financing contract because the contract is necessary to show that Bolanos is a "consumer" and that the underlying "debt" exists–two prerequisites to filing suit under the FDCPA and FCCPA.

Finally, Bolanos argues that Congress intended FDCPA claims to be nonarbitrable, but he cites no authority in support of this argument. On the contrary, courts have held that statutorily-created causes of action, such as those pursuant to the FDCPA, are not exempted from arbitration. *See Picard v. Credit Solutions, Inc.*, 564 F.3d 1249, 1253 (11th Cir. 2009); *Cunningham v. Fleetwood Homes of Ga., Inc.*, 253 F.3d 611, 617 (11th Cir. 2001); *see also Athon v. Direct Merch. Bank*, No. 5:06-CV-1 (CAR), 2007 WL 1100477, at *6 (M.D. Ga. Apr. 11, 2007) (ordering arbitration of FDCPA claim). Accordingly, Bolanos has cited no authority that would preclude this Court from submitting his claims to arbitration.

### III. Conclusion

In sum, Plaintiff has failed to meet his burden of production as the party opposing arbitration–his bare denial of *signing* the Arbitration Agreement is insufficient. The express language of the Arbitration Agreement authorizes Defendant, as the assignee of the original creditor under the financing contract, to invoke arbitration. In addition, Plaintiff's claims arise out of the financing contract since they relate to Defendant's actions in collecting the underlying debt. Finally, Plaintiff has cited no authority in support of his argument that FDCPA claims are nonarbitrable. Accordingly,

it is

**ADJUDGED** that Defendant's Motion to Compel Arbitration and Stay the Proceedings **(D.E. No. 3)**, filed on **September 24, 2010**, is GRANTED. It is further

**ADJUDGED** that the Clerk of Court shall close this case.

DONE AND ORDERED in Chambers at Miami, Florida, this 28th day of October, 2010.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record